DIVERSA, Inc., Employer, COTTON BELT INSURANCE COMPANY, Insurance Carrier
*v.* Lee DAVIS, Employee

74-307                                                    520 S.W. 2d 243

Opinion Delivered March 17, 1975

*Killough & Ford*, by: *Robert M. Ford*, for appellants.

*Pickens, Boyce, McLarty & Watson*, by: *James A. McLarty*, for appellee.

J. FRED JONES, Justice. This is a workmen's compensation case. Lee Davis, the claimant-appellee, sustained a ruptured disc in the course of his employment by the appellant-employer, Diversa, Inc. Following surgical intervention Davis filed a claim for workmen's compensation benefits and the claim was controverted in its entirety by the employer and its

compensation insurance carrier. Upon hearing, the Referee found the injury compensable and awarded compensation including a thirty per cent permanent partial disability to the body as a whole. The full Commission on review adopted the findings and award of the Referee and the circuit court affirmed the Commission.

On appeal to this court the appellants rely on the following point for reversal:

"The award of the referee, that has been affirmed by the full commission and the circuit court, for permanent partial disability in the amount of thirty percent (30%) to the body as a whole commencing on May 19, 1973, and continuing forward for one hundred thirty-five (135) weeks, as a result of said alleged accident, is not supported by substantial evidence introduced and presented at the hearing."

We agree with the appellants that there was no substantial evidence to support the award of thirty per cent permanent partial disability to the body as a whole. As already stated, the appellee sustained a ruptured disc as a result of his injury and following conservative treatment for a period of time, a lumbar laminectomy was performed by Dr. Ray Jouett in Little Rock and an extruded nucleus pulposus was removed from the L5-S1 level on the left.

Dr. Jouett's final report was submitted on May 24, 1973, and this report in pertinent parts reads as follows:

"Mr. Davis was seen in the office on May 18, 1973.

He continues to make fine progress since his surgery and at the present time is essentially without difficulty. In fact, all of his pain has disappeared.

Neurologically, he has no evidence on walking of any weakness and there is no limp. He can bend forward and touch his toes. Hyperextension and lateral rotation were thought full. His reflexes revealed diminished ankle jerk bilaterally. His knee jerks were thought

within normal limits. There was no sensory abnormality and no evidence of atrophy.

I think this man has had a very fine result from his surgery. Some three months have passed and I feel he has had a good period of healing and he may now return to work. I feel that he needs to be cautious for at least another three to six months about bending over and picking up 50 to 60 pound weights, but aside from that I feel he can be at work.

This man had a large extrusion of the nucleus pulposus and I feel that even though he is relatively asymptomatic that this man should be considered for some permanent partial residual disability affecting the body as a whole, perhaps in the range of 10 per cent."

As to the only point presented on this appeal, we are of the opinion that this case is controlled by our decision in *Ray* v. *Shelnutt Nursing Home*, 246 Ark. 575, 439 S.W. 2d 41, rather than such cases as *Johnson County* v. *Timmons*, 249 Ark. 1106, 463 S.W. 2d 365, and *Wilson & Co.* v. *Christman*, 244 Ark. 132, 424 S.W. 2d 863, apparently relied on by the Referee and the Commission. The *Timmons* and *Christman* cases are easily distinguishable on their facts from *Shelnutt* and the case at bar. In the case at bar there was simply no evidence in support of an award for permanent partial disability in excess of Dr. Jouett's estimate of "perhaps in the range of 10 per cent."

The compensability of the injury was hotly contested before the Commission and, as the attorney for the appellee points out in his brief, most of the evidence in this case was directed toward proof of the compensability of the injury rather than the extent and duration of the disability. Apparently a good job was done in this connection as evidenced by the fact that the appellants have only appealed in connection with the permanent partial disability award.

As to his physical condition following his surgery, Mr. Davis testified as follows:

"Q. Tell us in your own words how your back is getting along following your discharge from Dr. Jouett?

A. It is doing all right.

Q. Do you notice any particular pain or any impairment in your back at the present time?

A. No, I don't."

Mr. Davis said he continues to be cautious about lifting. He also said he had not been able to find employment that he could do but did not state what he felt he could or could not do. He said he had not attempted to return to his former employment but he did not say why. Mr. Davis did not mention anything he has attempted to do and gave no reason for not being able to find employment in something he could do.

Mrs. Billie Davis, the wife of the appellee, testified as to her husband's disability, apparent pain and symptoms prior to his surgery, and she testified he was getting no better until he underwent the surgery. She then testified as follows:

"Q. Has he appeared to have a fairly satisfactory recovery following his discharge from the hospital down there and his surgery?

A. Yes, he is doing just fine now."

In the case at bar there was simply no evidence in the record, other than the medical report above referred to, that the appellee had sustained any permanent disability at all as a result of his injury. The burden, of course, was on the claimant to prove that he had permanent disability and the extent of it.

The judgment of the trial court is reversed and this cause remanded with directions to remand to the Commission for entry of an award of ten per cent permanent partial disability.

Reversed and remanded.